## NEW JERSEY MISCELLANEOUS REPORTS. 823

N. J. Dept. Labor—Chapklin v. August Duna Chandelier Works.

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

STEPHEN CHAPKLIN, PETITIONER, v. AUGUST DUNA
CHANDELIER WORKS, INCORPORATED, RESPONDENT.

**Occupational Diseases—Benzol Poisoning—No Permanent Disability Found—Respondent, Without Admitting Liability, Offered Limited Temporary Compensation—Offer Accepted by Respondent and Approved by Bureau.**

On determination of facts and rule.

For the petitioner, *Meehan Brothers.*

For the respondent, *McCarter & English.*

\* \* \* \* \* \* \*

It was alleged by the petitioner that he contracted an occupational disease, viz., benzol poisoning, out of and in the course of his employment with the respondent, on August 3d, 1926, at which time he was making $30 per week. Dr. Kelly, a witness for the respondent, who treated petitioner at the Wycoff Heights Hospital, Brooklyn, stated to the court that petitioner's temporary disability ceased in December, 1926, and that he had no permanent disability in any way arising out of the alleged occupational disease. Dr. Wm. J. Arlitz examined petitioner on the date of the hearing, viz., February 25th, 1927, at the request of the court, and testified that the petitioner had no permanent disability arising out of any alleged benzol poisoning or similar condition. He further stated that whatever temporary disability the petitioner had suffered since August 3d, 1926, in his opinion, was due in large part to petitioner's neurotic condition, which was in no way attributable to or connected with any alleged benzol poisoning or similar condition.

Respondent, for the purpose of disposing of this case, and not in any sense admitting that petitioner had contracted benzol poisoning, or similar condition, as alleged, agreed to

pay petitioner temporary disability from August 3d, 1926, to February 25th, 1927.

It is therefore, on this 9th day of March, 1927, found and determined, on the statement of Dr. Kelly and the testimony of Dr. Arlitz, that petitioner has not sustained any permanent injury, directly or indirectly, or in any way whatsoever, from said alleged benzol poisoning, or similar condition, and on the agreement of respondent it is ordered that respondent pay petitioner, as and for the temporary disability agreed to, twenty-nine weeks at $17 per week, covering the period from August 3d, 1926, to February 25th, 1927, amounting to $493.

It is further ordered that petitioner's attorneys be allowed a counsel fee of $150, $100 of which is to be paid by respondent as agreed, and $50 by the petitioner. Petitioner's attorneys are to be reimbursed in the sum of $25, representing Dr. Kelly's attendance fee paid by them, by respondent as agreed.

As the above amounts have now been paid, it is not necessary that judgment be entered.

CHARLES E. CORBIN,
*Deputy Commissioner.*